DANIEL THURSTON *v.* AZARIAH PRENTISS, DAVID PHELPS, JOHN PRICE, JONAS CRISSMAN AND AMOS DALBY.

The effect of usury under our statute is, not to avoid the contract, but to reduce the amount which the usurer is entitled to recover to the money actually loaned, with legal interest.

Where a surety, whose property had been levied on, paid a judgment confessed by himself and principal for a usurious loan, with a knowledge of the usury, *it was held*, that he might recover the amount, so paid by him, of his principal.

Where a mortgage of indemnity was foreclosed at law, before the mortgagee had been damnified, the mortgagor was held entitled to redeem.

ON March 15th, 1839, complainant applied to defendant Prentiss for a loan of $300, which Prentiss agreed to make, provided complainant would allow him $100 for the use of it till October then next; which terms complainant accepted, and it was agreed between them that the whole sum of $400 should be embraced in two notes

of $200 each, signed by the complainant and some other person, upon which judgments should be confessed before a justice of the peace, and execution stayed. Complainant and Phelps executed the notes and confessed judgments upon them, and the defendant, John Price, stayed execution until July 16th, in the same year. Price and Phelps required complainant to execute a note and mortgage for $650, payable on the first of August thereafter, which they caused to be immediately recorded; the consideration for which was their becoming sureties for complainant. After the expiration of the stay, an execution was taken out, and levied on Phelps's property, who executed a mortgage to Prentiss, payable July 1st, 1841, to secure the amount. The mortgage of indemnity was foreclosed under the statute, and bid off by Phelps for $438, on November 4th, 1839, at which time he had not, nor had Price, paid any thing to Prentiss, or become damnified as complainant's sureties. Crissman afterwards purchased the interest of Phelps and Price in the land. August 27th, 1841, Phelps paid to Prentiss the amount secured by his mortgage, and took receipts in full of the judgments, and had the mortgage cancelled; allowing ten per cent interest thereon.

*H. T. Backus,* for complainant.

*R. P. Eldredge,* for defendants.

THE CHANCELLOR. I entertain no doubt in regard to the usury. The answers of the several defendants are clearly evasive on that point; especially the answer of Prentiss.

The effect of usury, under our statute, is not to avoid the contract, as is the case with many statutes on that subject; but to reduce the amount which the usurer is

entitled to recover, to the money actually loaned, with legal interest. *Laws* 1843, *p.* 54.

Phelps, as surety for complainant, having paid the judgments confessed by himself and complainant to Prentiss, and stayed by Price, for the money loaned, and usury, —with full knowledge of the usury,—the question is, whether, under the mortgage to indemnify himself and Price, he can recover the excess of interest paid by him, as well as the money actually loaned by Prentiss to complainant, with interest.

If the judgments had been void, in consequence of the usury, he would have paid them in his own wrong; and, as it was, he might have filed his bill in this Court, and on paying what was actually loaned, with interest, have obtained relief against the usury. But was he bound to do so? Was it not complainant's duty to have done it, if he *intended to object to paying* the illegal interest? It belongs more properly to a principal to protect his surety, than a surety his principal. The bill charges collusion between Phelps and Prentiss, but there is no evidence of it. On the contrary, Phelps appears to have acted in good faith, in paying the judgments.

Phelps paid the judgments in August, 1841. He was then, and not till then, damnified. The mortgage he executed to Prentiss to get his property released from the executions, was no satisfaction of the judgments. It was not received in satisfaction, or payment, but as security merely. Phelps and Price, consequently, were not damnified when they foreclosed the mortgage from complainant to them by advertisement and sale under the statute. The statutory foreclosure amounted to nothing; and complainant has a right to redeem, on paying the amount of the two judgments, with seven per cent interest, and defendant's costs in the present suit. The interest due when

the judgments were paid by Phelps to be added to the principal, and interest to be computed on the whole amount from that time forward. The ten per cent interest paid by Phelps on the judgments, in consideration of time, was usurious, and paid in his own wrong; and cannot be allowed to him or his assignee, Crissman, who is the party beneficially interested in the mortgage.

There must be a reference to a Master to compute, on the principles above stated, the amount due on the mortgage executed by complainant to Phelps and Price; and on the coming in of the report, a decree must be entered permitting complainant to redeem within six months, &c.